IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| JUANITA DELGADO, on behalf of plaintiff and the class defined herein, | ) ) ) ) | |
| Plaintiff, | ) ) | 4:12-cv-04057-SLD-JAG |
| vs. | ) ) ) | |
| CAPITAL MANAGEMENT SERVICES, LP; CMS GENERAL PARTNER LLC; and CMS GROUP, INC., | ) ) ) ) | |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT – CLASS ACTION

### INTRODUCTION

1.     Plaintiff Juanita Delgado brings this action to secure redress from unlawful collection practices engaged in by defendant Capital Management Services, LP ("CMS").  Also named is CMS' general partner, CMS General Partner LLC, ("CMSGP") and CMS Group, Inc. ("CMS Group"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2.     The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information.  15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### VENUE AND JURISDICTION

3.     This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 (general federal question), and 28 U.S.C. §1337 (interstate commerce).

4.     Venue and personal jurisdiction in this District are proper because:

   a.     CMS' collection communications and activities impacted plaintiff Juanita Delgado within this District;

1

   b. Defendant CMS does or transacts business within this District.

## PARTIES

5. Plaintiff Juanita Delgado is an individual who resides in East Moline, Illinois.

6. Defendant CMS is a limited partnership entity chartered under the law of Delaware with its principal offices at 726 Exchange Street, Suite 700, Buffalo, NY 14210. It does or transacts business in Illinois. Its registered agent and office is Illinois Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

7. Defendant CMS operates a collection agency.

8. Defendant CMS uses the mails and telephones to collect debts originally owed to other entities.

9. Defendant CMS is a debt collector as defined in the FDCPA.

10. Defendant CMSGP is a limited liability company chartered under the law of Delaware with principal offices at 726 Exchange St. #700, Buffalo, NY 14210. Its registered agent and office is Illinois Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

11. Defendant CMSGP is the general partner of CMS.

12. Defendant CMS Group is a partner of CMS.

13. The acts of CMS are attributable to CMSGP and CMS Group.

## FACTS

14. On February 7, 2012, CMS sent plaintiff Juanita Delgado the letter attached as Exhibit A seeking to collect a former HSBC Bank Nevada, NA credit card with an account number ending in 7767.

15. Exhibit A sought to collect a purported credit card debt incurred for personal, family or household purposes and not for business purposes.

16. If the debt is owed at all, the last payment was made prior to December 23,

2004.

17. CMS regularly seeks to collect credit card bills.

18. The statute of limitations on a credit card debt in Illinois is five years.

19. The statute of limitations on a credit card debt in Indiana and Wisconsin is six years.

20. CMS regularly attempts to collect debts on which the statute of limitations has expired.

21. Nothing in Exhibit A disclosed that the debt was barred by the statute of limitations or not legally enforceable.

22. It is the policy and practice of CMS to send letters seeking to collect time-barred debts that do not disclose the dates of the transactions giving rise to the debts.

23. The Federal Trade Commission has determined that "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations . . . . When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (http://www.ftc.gov/opa/2012/01/asset.shtm)  The FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations. *United States of America (For the Federal Trade Commission) v. Asset Acceptance, LLC,* Case No. 8:12-cv-182-T-27EAJ (M.D.Fla.).

## VIOLATION ALLEGED

24. CMS engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, by dunning consumers on time-barred debts without disclosure of that fact.

25. The nondisclosure is exacerbated by the offers of a "settlement" in Exhibit A. An offer to settle implies a colorable legal obligation to pay. The following statements,

among others, in <u>Exhibit A</u> are contrived to erroneously suggest that the debt could be enforced legally:

    a)    "This company has been engaged by RESURGENT CAPITAL SERVICES, LP, the servicer of the account, to resolve your delinquent debt of $2404.13. Please submit your payment and make your check or money order payable to Capital Management Services, LP. to the above address."

    b)    "Capital Management Services, LP is authorized to accept less than the full balance due as settlement of the above account. The settlement amount of $721.24, which represents 30% of the amount presently owed, is due in our office no later than forty-five (45) days after receiving this notice. We are not obligated to renew this offer."

26.    Section 1692e provides:

**§ 1692e.    False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2)    The false representation of--**

**(A)    the character, amount, or legal status of any debt; . . .**

**(5)    The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**

**(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

Section 1692f provides:

**§ 1692f.    Unfair practices [Section 808 of P.L.]**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .**

## CLASS ALLEGATIONS

27.    Plaintiff brings this claim on behalf of a class and a sub-class, pursuant to

Fed.R.Civ.P. 23(a) and 23(b)(3).

28. The class consists of:

(a) all individuals in Illinois, Indiana and Wisconsin (b) to whom CMS (c) sent a letter seeking to collect a debt (d) which debt was (i) a credit card debt on which the last payment had been made more than five years prior to the letter in Illinois  or (ii) a credit card debt on which the last payment had been made more than six years prior to the letter in Indiana and Wisconsin (e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

29. The subclass consists of:

(a) all individuals in Illinois, Indiana and Wisconsin (b) to whom CMS (c) sent a letter in the form of <u>Exhibit A</u> seeking to collect a debt (d) which debt was (i) a credit card debt on which the last payment had been made more than five years prior to the letter in Illinois  or (ii) a credit card debt on which the last payment had been made more than six years prior to the letter in Indiana and Wisconsin (e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

30. On information and belief, the class and subclass are so numerous that joinder of all members is not practicable.

31. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members.  The predominant common questions are (a) whether defendants attempt to collect time-barred debts without disclosure of that fact and (b) whether such practice violates the FDCPA.

32. Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

33. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

34. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible;

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

  WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendants for:

   (1) Statutory damages;

   (2) Actual damages, including all amounts paid on time-barred debts;

   (3) Attorney's fees, litigation expenses and costs of suit;

   (4) Such other and further relief as the Court deems proper.

    s/Daniel A. Edelman
    Daniel A. Edelman

Daniel A. Edelman
Francis R. Greene
EDELMAN, COMBS, LATTURNER
 & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

# CERTIFICATE OF SERVICE

      I, Daniel A. Edelman, hereby certify that on July 23, 2012, I filed the foregoing documents with the Clerk of the Court using the CM/ECF System.

I further certify that I caused to be sent a true and accurate copy of such filing via Process Server to the following parties as soon as service may be effectuated:

CMS General Partner, LLC
c/o Illinois Corporation Service Company
801 Adlai Stevenson Drive
Springfield, IL 62703

CMS Group, Inc.
726 Exchange Street, Suite 700
Buffalo, NY 14210

I further certify that I caused to be sent a true and accurate copy of such filing via electronic mail to the following parties:

*Counsel for Capital Management Services, LP*
James K. Schultz
jschultz@sessions-law.biz

Daniel W. Pisani
dpisani@sessions-law.blz

                                        s/Daniel A. Edelman
                                        Daniel A. Edelman

Daniel A. Edelman
Francis R. Greene
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)