IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| JUANITA DELGADO, on behalf of plaintiff and the class defined herein, | ) ) ) | |
| Plaintiff, | ) ) | Judge Sara Darrow |
| vs. | ) ) | Case No.: 12-cv-04057 |
| CAPITAL MANAGEMENT SERVICES, LP, CMS GENERAL PARTNER, LLC, and CMS GROUP, INC., | ) ) ) ) | Magistrate Judge John A. Gorman |
| Defendants. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S ADDITIONAL AUTHORITY**

NOW COME defendants, Capital Management Services, LP, CMS General Partner and CMS Group, Inc., by and through undersigned counsel, and in response to the additional authority cited by plaintiff, states as follows:

The additional authority cited by plaintiff is an Order entered by Judge Elaine E. Bucklo in the matter of *Rawson v. Source Receivables Management, LLC. et al.,* 11 C 8972, 2012 U.S. Dist. Lexis 125205 (N.D. Ill. Sept. 4. 2012). Since the entry of her Order on September 4, 2012, Judge Bucklo has been asked to reconsider her decision. On September 12, 2012, defendants in *Rawson* moved for reconsideration of the Court's Order pursuant to Federal Rule 59(e). (See *Rawson* Motion to Reconsider, *11-cv-08972 Doc. 88*, attached hereto as Exhibit 1). As of the date of this filing, Judge Bucklo has not yet ruled on the Motion to Reconsider.

Furthermore, the Court's decision in *Rawson* is distinguishable from the case at bar. In *Rawson*, Judge Bucklo relied upon a statement in the defendant's letter which advised what the debtor could do "to avoid further collection efforts." The Court found that this purported "threat" of further collection efforts could arguably lead an unsophisticated debtor to believe that the debt is legally enforceable. *Rawson v. Source Receivables Management, LLC. et al.,* 2012 U.S. Dist. Lexis 125205, * 2.

The letter in the case at bar, however, contains no such language regarding "further collection efforts." Here, the letter does not reference any further activity whatsoever and certainly does not contain a threat of future litigation. Accordingly, the Court's decision in *Rawson* interpreting specific language regarding what could be done to avoid further collection efforts has no bearing on this Court's decision in this case.

Unlike *Rawson*, the letter in this case does not implicitly or explicitly threaten litigation. The February 7, 2012 letter seeks only voluntary payment of plaintiff's debt which, based on the extensive authority previously cited by defendants in this matter, is permissible under the FDCPA. *Rawson* is of no consequence to this case, because *Rawson* was limited to the specific language contained in defendant's letter, which unlike the letter here, implied that there was a legally enforceable right to collect a time-barred debt. Judge Bucklo recognized the limited scope of her decision when contrasting *Rawson* with *Murray v. CCB Services, Inc.*, 2004 WL 2943656 (N.D. Ill. 2004) and *Walker v. Cash Flow Consultants, Inc.*, 200 F.R.D. 613 (N.D. Ill. 2001) by noting that "neither of the letters at issue in those cases contained language comparable to that in the

dunning letter here." *Rawson*, 2012 WL 3835096, * 2.  As was shown in defendants' motions to dismiss, this case is analogous to the letters in *Murray* and *Walker*.

WHEREFORE, defendants respectfully request that this Honorable Court to grant its motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), and dismiss plaintiff's complaint with prejudice.

Respectfully submitted,

/s/ Daniel W. Pisani
One of the Attorneys for Defendants

Daniel W. Pisani
James K. Schultz
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
55 West Monroe Street, Suite 1120
Chicago, Illinois  60603
Telephone:  (312) 578-0990
Facsimile:   (312) 578-0991
E-Mail:       dpisani@sessions-law.biz
                  jschultz@sessions-law.biz

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

      I certify that on September 14, 2012, a copy of the foregoing **DEFENDANT'S RESPONSE TO PLAINTIFF'S ADDITIONAL AUTHORITY** was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record, including plaintiff's counsel as described below. Parties may access this filing through the Court's system.

Daniel A. Edelman
Francis R. Greene
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
courtecl@edcombs.com

                Respectfully submitted,

                /s/ Daniel W. Pisani
                One of the Attorneys for Defendants