IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| JUANITA DELGADO, on behalf of plaintiff and the class defined herein, | ) ) ) | |
| Plaintiff, | ) ) | Judge Sara Darrow |
| vs. | ) ) | Case No.: 12-cv-04057 |
| CAPITAL MANAGEMENT SERVICES, LP, CMS GENERAL PARTNER, LLC, and CMS GROUP, INC., | ) ) ) ) | Magistrate Judge John A. Gorman |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR CERTIFICATION UNDER 28 U.S.C. § 1292(b)**

NOW COME Defendants, Capital Management Services, LP, CMS General Partner and CMS Group, Inc. (collectively "CMS""), by and through undersigned counsel, and hereby move for certification of an interlocutory appeal under 28 U.S.C. § 1292(b). In support of this motion, CMS states as follows:

**I.      Introduction**

Plaintiff filed this putative class action asserting that CMS violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") by attempting to collect a time-barred credit card debt from her without disclosing the fact that the debt was barred by the statute of limitations. CMS moved for dismissal of plaintiff's claims pursuant Fed. R. Civ. P. 12(b)(6) because nothing in the FDCPA precludes CMS from seeking voluntary re-payment of a delinquent debt, and because the letter CMS sent to plaintiff fully complied with all provisions of the FDCPA.

1

On March 22, 2013, this Court entered a Memorandum Opinion and Order denying CMS's motion to dismiss, concluding that plaintiff stated a plausible claim under the FDCPA. *Doc. 42.* CMS respectfully submits that the Court's conclusion is legally incorrect and is contradicted by recent case law in this Circuit.

Accordingly, CMS requests that the Court certify its Memorandum Opinion and Order so that this important issue can be immediately addressed by the Seventh Circuit Court of Appeals. The issue raised in CMS's motion to dismiss is a pure question of law that is both controlling and contestable, and resolving this question will materially advance, and possibly terminate, this litigation.

## II. This Court Should Certify the Issue for an Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b)

CMS respectfully requests that the issues decided in this Court's March 22, 2013 Memorandum Opinion and Order be presented to the Seventh Circuit for an interlocutory appeal. Defendants specifically request that the Court certify the order denying CMS's motion to dismiss and the question of whether plaintiff stated "plausible claims for relief under 15 U.S.C. § § 1692e, 1692e(2), 1692e(5), 1692e(10), and § 1692f" because the dunning letter failed "to disclose that CMS cannot collect on the debt, compounded by its offer of settlement, implies a legal obligation to pay." *Doc. 42, p. 13*.

In deciding whether to certify an interlocutory appeal, the Court is to consider the following four criteria: "there must be a question of law, and it must be controlling, it must be contestable, and its resolution must promise to speed up the litigation." *Ahrenholtz v. Bd. Of Trustees of the Univ. of Ill.,* 219 F.3d 674, 675 (7th Cir. 2000).

Further, these criteria "are conjunctive, not disjunctive," meaning that "[u]nless all these criteria are satisfied, the district court may not and should not certify its order." *Ahrenholz*, 219 F.3d at 676.

Here, all 4 requirements are met. First, the question to be certified is controlling. If the Appellate Court were to accept CMS's position, judgment would necessarily be entered in favor of CMS, and the case would be over. *See In re Text Messaging Antitrust Litigation*, 630 F.3d 622, 624 (7th Cir. 2011) (question on interlocutory appeal was controlling because there was a "decent chance (though be no means certain) that were a court to rule the second amended complaint deficient, the case would be over.")

Second, the controlling question is a question of law. There are no factual findings that CMS seeks to overturn. Instead, this lawsuit is based upon the language contained a single letter which is not in dispute. The only question is whether certain additional language needs to be included in the letter. In other words, CMS will be asking the Appellate Court to apply a legal standard to the undisputed facts. Such an analysis is a question of law. *Id.*, 630 F.3d at 625 (applying legal standard to undisputed facts is a question of law).

Third, this issue is undeniably contestable. There are at least two recent decisions from the U.S. District Court for the Northern District of Illinois that have reached the opposite conclusion to the Court's Opinion herein. For example, in *McMahon v. LVNV Funding, LLC*, Judge Kocoras granted defendant's motion to dismiss a complaint alleging a nearly identical violation of the FDCPA. *Id.*, 2012 WL 2597933 (N.D.Ill. July 5, 2012). In *McMahon,* Judge Kocoras rejected plaintiff's argument that the FDCPA

required a debt collector to disclose that debts are time-barred when attempting to collect such debts. *Id.* In another opinion entered just two days before the Court's decision herein, Judge Dow entered an order in *Rice v. Midland Credit Management, Inc.*, 2013 WL 1174729 (N.D.Ill. March 20, 2013) rejecting the same argument. In *Rice,* Judge Dow made note of multiple other cases also reaching the same conclusion regarding the collection of time-barred debts:

> Numerous courts in this district have concluded that an attempt to collect a valid but time-barred debt—even in the absence of a disclosure that the debt is time-barred—does not violate the FDCPA unless there is also an express or implied threat of litigation. [Citations omitted]. The two federal appellate courts that have considered this issue have reached the same conclusion. See *Huertas v. Galaxy Asset Management*, 641 F.3d 28, 33–34 (3rd Cir.2011) (agreeing with the "majority of courts [that have] held that when the expiration of the statute of limitations does not invalidate a debt, but merely renders it unenforceable [through a lawsuit], the FDCPA permits a debt collector to seek voluntary repayment of the time-barred debt so long as the debt collector does not initiate or threaten legal action in connection with its collection efforts"); *Fryermuth v. Credit Bureau Services, Inc.,* 248 F.3d 787, 771 (8th Cir.2001) ("in the absence of a threat of litigation or actual litigation, no violation of the FDCPA has occurred when a debt collector attempts to collect on a potentially time-barred debt that is otherwise valid").

*Id*., 2013 WL 1174729, * 2.

As noted in *Rice,* two Circuit Courts have considered this issue and have reached a conclusion different than the Court's decision herein. Considering that the Seventh Circuit has not yet weighed in on this issue, and there is presently a split amongst courts within this Circuit, the issue is clearly contestable and ripe for adjudication by the Court of Appeals.

In fact, this Court recognized the contestable nature of the issue presented in this

case - "[v]arious courts have therefore reasoned that a debt collector who requests voluntary repayment of a time-barred debt does not violate the FDCPA so long as its effort to collect on such debt is not accompanied by actual litigation or a threat, either explicit or implicit, of future litigation. *See Order, Doc. No. 42, p. 7.*

Fourth, the determination of this issue will speed up the litigation. Prior to embarking on what certainly will be voluminous, costly, and burdensome class-wide discovery, the parties would benefit from resolution of this issue. It is the most efficient use of the Court's resources, and the parties' attention, to resolve this issue now in the Court of Appeals. Otherwise, the parties will become embroiled in contentious discovery and motion practice[1]. However, if the Seventh Circuit resolves this issue in favor of CMS, any such class discovery and further motion practice would have been for naught. Because of the potential breadth of the discovery, and the class issues, this litigation will be expedited by certifying the Court's opinion for an interlocutory appeal to the Seventh Circuit.

### III. *McMahon v. LVNV* **is already pending in the Seventh Circuit Court of Appeals and CMS should be given the opportunity to address this issue in Appellate Court**

As referenced above, the District Court in *McMahon* granted defendant's motion to dismiss and found that an attempt to collect a time-barred debt without disclosing to the debtor that the statute of limitations in which the debt collector could file a lawsuit to

---

[1] The plaintiff has already expressed a desire to engage in expensive and time consuming expert discovery and filed a motion regarding same. Fortunately, plaintiff's request to take expert discovery at this early stage in the litigation was ultimately denied by the Court. (*See*, March 13, 2013 text order of Magistrate Judge John A. Gorman).

5

collect the debt has expired did not violate the FDCPA. *McMahon v. LVNV Funding, LLC*, 2012 WL 2597933, at *2 (N.D.Ill. July 5, 2012).

The *McMahon v. LVNV Funding* appeal is currently pending before the Seventh Circuit Court of Appeals as Case No. 12-3504. Appellant's brief was filed on January 28, 2013 and Appellee's brief is presently due by May 8, 2013. The reply brief of the appellant, if any, is due by May 22, 2013.

A ruling by the Seventh Circuit in *McMahon* will likely be dispositive of the issues raised herein. These issues being addressed by the Appellate Court in *McMahon* are critical to CMS and will impact not only this lawsuit, but its entire business. CMS should be permitted appeal the Court's Order in this lawsuit so that CMS can address these issues before the Seventh Circuit Court of Appeals and present its own arguments and position on this critically important matter. And because the appeal is progressing, there will not be a lengthy delay before the critical question is decided by the Seventh Circuit.

WHEREFORE, CMS respectfully requests this Honorable Court certify the Memorandum Opinion and Order of March 22, 2013 [Doc. No. 42] for interlocutory review pursuant to 28 U.S.C. § 1292(b).

Respectfully submitted,

<u>/s/ Daniel W. Pisani</u>
One of the Attorneys for Defendants


Daniel W. Pisani
James K. Schultz
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
55 West Monroe Street, Suite 1120
Chicago, Illinois  60603
Telephone:  (312) 578-0990
Facsimile:   (312) 578-0991
E-Mail:       dpisani@sessions-law.biz
                  jschultz@sessions-law.biz

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I certify that on April 4, 2013, a copy of the foregoing MOTION FOR CERTIFICATION UNDER 28 U.S.C. § 1292(b) was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record, including plaintiff's counsel as described below. Parties may access this filing through the Court's system.

Daniel A. Edelman
Francis R. Greene
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
courtecl@edcombs.com

Respectfully submitted,

/s/ Daniel W. Pisani
One of the Attorneys for Defendants