E-FILED
Friday, 19 April, 2013  02:13:36 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| JUANITA DELGADO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:12-cv-4057-SLD-JAG |
| ) | |
| CAPITAL MANAGEMENT SERVICES ) | |
| LP, CMS GENERAL PARTNER LLC, and ) | |
| CMS GROUP INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## **ORDER**

Now before the Court is Defendants' unopposed Motion for Certification under 28 U.S.C. § 1292(b). ECF No. 44. Defendants ask this Court to certify for interlocutory appeal its Memorandum Opinion and Order entered on March 22, 2013, denying Defendants' Motion to Dismiss. *See* ECF No. 42. For the reasons set forth below, the Court grants Defendants' Motion for Certification.

28 U.S.C. § 1292(b) provides:

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

Four criteria must be met for a court to certify an issue for interlocutory appeal. There must be (1) a question of law that is (2) controlling, (3) contestable, and (4) whose resolution would speed up the litigation. *Ahrenholz v. Bd. of Trustees of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000).

With respect to the first element, the question of law in this case is this: Can a plaintiff state plausible claims for relief under § 1692(e) and § 1692(f) of the Fair Debt Collection Practices Act by relying on a dunning letter which, while not explicitly threatening litigation, fails to disclose that a debt is time-barred and also offers to "settle" the plaintiff's account. *See* Memorandum Opinion and Order, ECF No. 42. This is an appropriate question of law because it is an abstract legal issue pertaining to the meaning of statutory provisions. *See Ahrenholz*, 219 F.3d at 675. It is also the only source of contention between the parties and would not require significant review of the record by the appellate court. *See In re Text Message Antitrust Litig.*, 630 F.3d 622, 626 (7th Cir. 2010) ("[I]f a case turned on a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record, the court should be enabled to do so without having to wait till the end of the case."). The only review of the record that the Court of Appeals would have to undertake would be to view the dunning letter, which neither party disputes was sent to the Plaintiff by Defendant Capital Management Services LP.

With respect to the second element, there is no doubt that the question of law is controlling, as the parties agree that Plaintiff's claims rise or fall with the resolution of the question of law stated above. The legal issue is also contestable, as various federal courts at both the district and appellate level have reached different results.

The Court also finds that the fourth element is met, because resolution of the question of law would speed up litigation. Other courts have interpreted this to mean that "resolution of [the] controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation." *Marshall v. Amsted Rail Co., Inc.*, No. 10-cv-0011-MJR-SCW, 2011 WL 5513204, at *4 (S.D. Ill. Nov. 11, 2011) (quoting *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004)). Here, because resolution of the legal issue in favor of the Defendants would be entirely fatal to Plaintiff's claims, a ruling on the question of law could therefore avoid class-wide discovery, additional dispositive motions, and trial.

Finally, the Court notes that a similar case, *McMahon v. LVNV Funding, LLC*, No. 12 C 1410, 2012 WL 2597933 (N.D. Ill. July 5, 2012), is currently pending before the Court of Appeals as Case No. 12-3504. While the Defendants could have moved to stay the present case pending a ruling in *McMahon*, the Court believes that an appeal of this case, which involves distinct legal questions from those in *McMahon*, is the preferable outcome. (Specifically, the plaintiff in *McMahon* alleged that the defendant's response to the plaintiff's request for validation of her debt was deceptive under the FDCPA because it stated the date the debt was purchased but did not disclose that the debt was actually incurred fifteen years prior and was therefore outside the statute of limitations. No such allegations are present in this case.) The Court welcomes guidance from the Court of Appeals on the legal questions presented here, and believes that an interlocutory appeal would simplify the present proceedings as well as future cases of this sort.

## CONCLUSION

For the reasons set forth above, the Court grants Defendants' unopposed Motion for Certification, ECF No. 44.

Entered this 19th day of April, 2013.

                                              s/ Sara Darrow
                                              SARA DARROW
                                          UNITED STATES DISTRICT JUDGE